UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-605-FDW

| | |
|---|---|
| DAKIM GUCCI GREGORY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LESLIE J. STEPHENS, )<br>JACOB HERRING, )<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. (Doc. No. 1). Also pending before the Court are Plaintiff's Motion to Compel Production of Documents, (Doc. No. 7), and Plaintiff's Motion to Appoint Counsel, (Doc. No. 8).

### I.     BACKGROUND

Pro se Plaintiff Dakim Gregory, a pre-trial detainee currently incarcerated at the Cumberland County Jail on criminal charges unrelated to this action, filed this action pursuant to 42 U.S.C. § 1983 on October 30, 2014, naming as Defendants: (1) Leslie Stephens, an assistant district attorney in Mecklenburg County, North Carolina; and (2) Jacob Herring, identified by Plaintiff only as the "alleged victim," with an address in Matthews, North Carolina. (Doc. No. 1 at 2). In the Complaint, Plaintiff alleges:

> Around May 2013, I was placed in a situation to witch [sic] I was forced to defend myself one evening following the incident I went to make a payment on my rental vehicle and [which] the manager advised me [he] received a call from the Matthews NC rental office informing him that a detective was investigating an alleged crime, that the vehicle I was renting had been involved in. The manager then confiscated the keys and informed me I would be placed on the do not rent

list. Unable to rent a vehicle I was unable to get around for work. I called the Matthews police department to check if I had a warrant or was wanted for questioning so that I may resolve the matter, the secretary or whomever answered the phone told me that she was unsure of any investigation or whom I should talk to and that I did not have a warrant. On a later date, July 1, 2013, I was arrested at my probation officer's office and served with a warrant and detained at the Cumberland County Detention Center then eventually transferred to Mecklenburg County Jail where I remained until September 26, 2013, when my bond was finally unsecured and my charges dropped. At no time in between was I given or offered a chance to speak with the investigating detective nor was I read my Miranda rights. Being arrested under false accusations and detained for that time while facing oppressive pretrial incarceration has subjected to me to prolonged anxiety and concern. As a result of these false accusations while incarcerated I lost my apartment due to an eviction as well as all my belongings. I also lost my new job on Fort Bragg that I was supposed to start that Monday following July 1, 2013. In addition to prolonged anxiety and concern I suffered severe financial stress and strain after financially being reversed.

(Id. at 3-4). Plaintiff states that, as relief, he is seeking compensatory damages. (Id. at 4).

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Court will dismiss this action for failure to a state a claim against either of the named Defendants. Section 1983 of Title 42 of the United States Code states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. As its language indicates, Section 1983 applies only to persons acting under color of state law. It is well settled that private actors are not persons acting under color of state law and, thus, cannot be held liable under § 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). As to Defendant Herring, whom Plaintiff refers to only as the "alleged victim," Plaintiff does not allege, nor do the facts indicate, that Defendant Herring was anything other than a private actor who accused Plaintiff of committing some unspecified crime against him. Thus, Plaintiff fails to state a § 1983 claim against Defendant Herring.

Next, as to Defendant Stephens, Plaintiff alleges no personal participation by Stephens in his factual allegations. Rather, Stephens is merely named as a Defendant in the Complaint. Furthermore, the Court notes that, to the extent that Stephens prosecuted Plaintiff on criminal

charges, Stephens is entitled to prosecutorial immunity. A prosecutor "enjoy[s] absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties." Puckett v. Carter, 454 F. Supp. 2d 448, 452 (M.D.N.C. 2006) (citing Imbler v. Pachtman, 424 U.S. 409 (1976)). Finally, to the extent that Defendant Stephens is being sued in her official capacity as an assistant district attorney for Mecklenburg County, the Eleventh Amendment bars Plaintiff's claims for damages. See, e.g., Kentucky v. Graham, 473 U.S. 159, 169 (1985); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

IV. **CONCLUSION**

For the reasons stated herein, the Court will dismiss this action with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** with prejudice. The Clerk is directed to terminate the case.

2. Plaintiff's Motion to Compel Production of Documents, (Doc. No. 7), and Plaintiff's Motion to Appoint Counsel, (Doc. No. 8), are **DENIED** as moot.

Signed: January 12, 2015

Frank D. Whitney
Chief United States District Judge